# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:14-CV-1016-CEJ |
| | ) | |
| SIX FLAGS ENTERTAINMENT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff=s motion for leave to proceed in forma pauperis [Doc. #2]. The Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Additionally, after carefully reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. ' 1915(e)(2)(B).

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if Ait lacks an arguable basis in

either law or in fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under ' 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**Discussion**

Plaintiff brings this action against Six Flags Entertainment Corporation, seeking monetary damages in the sum of $15 million. The complaint is comprised of a list of random phrases that refer to breach of contract, fraudulent information, and defamation. Part of the complaint is a "Declaration of Executorship," in which plaintiff states, "As a true person is both Executor and Beneficiary of their mind, body, and soul, no party may rightfully claim higher authority to compel them to attend any forum or event against their will," and "Please note that you are interfering with the original agreement established between Thomas son of Martin, family of Giger otherwise known as Thomas, Giger and any violation heretofore at

2

present and 'or hereafter the Presenter of This Presentment and the Sovereign Lord and Only True God, Jehovah the King of all eternity. A trust agreement that he Thomas son of Martin, executor' – Grantor over the entity Thomas Giger, and all property agreements/rights/and privileges associated with the aforesaid is a part to, as a matter of inheritance right and progeny." Having carefully reviewed the complaint, the Court finds it impossible to ascertain the nature of plaintiff=s allegations.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed.R.Civ.P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings Athe contents of which shall be limited as far as practicable to a single set of circumstances@). Although plaintiff=s complaint is to be given the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting

3

his claims as to each named defendant. Because plaintiff has failed to do so, and the complaint is nonsensical, the Court will dismiss this action as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff=s motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. ' 1915(e)(2)(B).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of June, 2014.

_____<br>UNITED STATES DISTRICT JUDGE